IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODNEY WAYNE JONES,

        Petitioner,              No. 2:12-cv-1138 LKK GGH P

  vs.

TIM VIRGA, et. al.,

                                   FINDINGS & RECOMMENDATIONS

        Respondents.

_____/

I. Introduction

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the guilty finding from a prison disciplinary charge of battery causing serious injury. Presently pending before the court is respondent's motion to dismiss this case as it was filed beyond the one-year statute of limitations. Doc. 11. Petitioner filed an opposition, but respondent did not file a reply. For the reasons that follow it is recommended that the motion to dismiss be denied.

II. Analysis

        The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment

of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner was found guilty in February 2009, of battery causing serious injury, that resulted in the loss of 360 days of credits. Opposition to Motion to Dismiss (Opposition) at 2. On September 14, 2009, the inmate appeals branch informed petitioner that his administrative appeal was denied. Petition at 24-25 of 29. Therefore, the disciplinary finding became final on that day. Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004). The statute of limitations began to run the next day on September 15, 2009. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner had one year, that is, until September 14, 2010, to file a timely federal petition, absent applicable tolling. The instant action, filed April 17, 2012,[1] is not timely unless petitioner is entitled to statutory or equitable tolling.

Petitioner filed the following state post-conviction collateral actions:

1. Petitioner filed his first petition in the Superior Court of Kings County on February 5, 2010. Opposition at 13. That filing was not accepted by the Superior Court. Opposition at 16. Petitioner re-filed with the Superior Court on March 30, 2010. Opposition at 18-19. That petition was denied with a reasoned opinion on

---

[1] The court affords petitioner application of the mailbox rule as to all his habeas filings in state court and in this federal court. Houston v. Lack, 487 U.S. 266, 275-76, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities); Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the court within limitations period).

June 7, 2010.  Petition at 43-44 of 54.

2.  Petitioner filed his next petition with the Court of Appeal Fifth Appellate District on July 8, 2010, by providing it to prison officials to mail.  Opposition at 21.  As will be discussed further below, prison officials failed to mail that petition for nearly two years.  When petitioner realized the Court of Appeal Fifth Appellate District had not received the petition, he filed another petition on January 13, 2011.  Opposition at 25.  On February 9, 2011, the Court of Appeal Fifth Appellate District notified petitioner that he had filed in the wrong district and he should file it in the Imperial County Superior Court or Court of Appeal Fourth Appellate District.  Opposition at 27.  On March 6, 2011, petitioner filed a petition with the Court of Appeal Fourth Appellate District.  Opposition at 29.  The petition was denied with a reasoned opinion on April 8, 2011.  Petition at 47-48 of 54.

3.  Petitioner filed his final petition with the California Supreme Court on May 4, 2011.  Opposition at 33.  This petition was denied by the California Supreme Court on February 15, 2012, without comment or citation.  Petition at 50 of 54.

4.  The petition to the Court of Appeal Fifth Appellate District that prison officials failed to mail, was apparently found by prison officials and sent to the Fifth Appellate District on April 17, 2012.  Opposition at 40.  The Court of Appeal Fifth Appellate District on April 25, 2012, denied the petition without prejudice noting it should have been brought in the Imperial County Superior Court or the Court of Appeal Fourth Appellate District.

Petitioner filed the instant petition on April 17, 2012.  Petition at 15 of 54.

<u>Statutory Tolling</u>

Under AEDPA, the period of limitation is tolled while a "properly filed" application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d)(2).  Petitions are properly filed so long as there was no unreasonable delay between the petitions, and if each petition is properly filed, then a petitioner is entitled to a tolling of the statute of limitations during the intervals between a lower court decision and the filing of a petition in a higher court during one complete round of appellate review ("interval tolling").  See <u>Evans v. Chavis</u>, 546 U.S. 189, 193-94, 126 S.Ct. 846 (2006).

The Supreme Court has explained that in order for a state habeas petition to be "properly filed" for purposes of statutory tolling, the petition's delivery and acceptance must be in compliance with the laws and rules governing such filings.  <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 413-14, 125 S.Ct. 1807 (2005).  "[T]ime limits, no matter their form, are 'filing'

1  conditions." Pace v. DiGuglielmo, 544 U.S. at 417. "When a post-conviction petition is
2  untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." Id. at 414.
3  Under such circumstances, the petitioner is not entitled to statutory tolling. Id. at 417.

4       The petition with the superior court was initially rejected and then accepted on
5  March 30, 2010. There is no tolling for the 196 days before this petition was filed. See Roy v.
6  Lambert, 465 F.3d 964, 968 (9th Cir. 2006) (superseding 455 F.3d 945). That petition was
7  denied on June 7, 2010, and petitioner will receive tolling while the petition was pending, 69
8  days. Thus, the new expiration date would be November 22, 2010.

9       On its face, and normally, the next petition to the appellate court would not be
10 entitled to gap tolling because it was not filed until about one year after the initial denial by the
11 Superior Court. However, the issue here involves an interesting interplay between the prison
12 mailbox rule and the non-rejected filing requirement of Pace.

13      The next petition to the appellate court was "filed" on July 8, 2010, when
14 petitioner provided it to prison officials for mailing. Houston v. Lack, 487 U.S. 266, 275-76, 108
15 S.Ct. 2379 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison
16 authorities); Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule applies to
17 pro se prisoner who delivers habeas petition to prison officials for the court within limitations
18 period); Silverbrand v. County of Los Angeles, 46 Cal. 4th 106, 92 Cal. Rptr. 3d 595 (2009)
19 (applying an identical mailbox rule under California law for unrepresented prisoners).

20      Petitioner contends that the petition was given to prison officials but it was not
21 mailed. This contention is supported by the facts. Petitioner received a letter from the warden of
22 his prison, California State Prison Sacramento (CSP-Sac) on April 11, 2012, stating that the
23 petition provided to prison officials for mailing on July 8, 2010, had not been sent until
24 approximately two years later. Opposition at 37-38. The court is also aware that CSP-Sac had
25 difficulties in the mailroom at around this time, based on a letter that was sent to the entire court.
26 Respondent did not file a reply addressing petitioner's arguments and the issues with prisoner

mail at CSP-Sac. Thus, petitioner's filing date was the day he gave it to prison officials for mailing – July 8, 2010. The "delay" between the Superior Court decision was in actuality only 31 days, albeit the provisional, or "just in case" petition, see below, did not reach the appellate court until much later. This delay of 31 days between the denial of the superior court petition and filing the next petition was not unreasonable. See Evans v. Chavis, 546 U.S. at 201 (2006).

As noted above, petitioner was not fully aware that his July 2010 petition was not sent by prison officials until he received the April 11, 2012, letter from the warden. However, petitioner, suspicious beforehand, attempted to verify that his petition had been sent during 2010, and when it appeared it had not been sent, petitioner resubmitted it to the court of appeal on January 24, 2011.[2] That petition was denied on April 8, 2011 in a reasoned decision.[3] Therefore, petitioner should receive statutory tolling for the entire time from the denial of the Superior Court petition until the appellate court determination, i.e. time the petition was provided to prison officials to the denial, from June 7, 2010, to April 8, 2011, 305 days.[4] The new expiration of the AEDPA statute of limitations at this time was September 23, 2011.

Petitioner filed his next petition with the California Supreme Court on May 4, 2011, less than a month after the denial by the Court of Appeal. The California Supreme Court denied the petition on February 15, 2012, without comment or citation. Petitioner should receive

---

[2] The petition was inadvertently sent to the incorrect appellate court district and was submitted to the correct court on March 6, 2011.

[3] The Court of Appeal issued a reasoned decision looking to the merits of petitioner's claim. However, the court also noted in dicta that the petition *"can be"* denied as untimely, yet still denied the petition on the merits. There was not a definitive alternative ruling on the limitations issue. Petition at 47-48 of 54. The Court of Appeal probably did not actually deny the petition on limitations grounds in that it knew it was not aware of all the facts concerning the mailbox rule filing. In any event, given the misfeasance of the prison mailing system, such a rejection would have been unfair, and subject to equitable tolling in federal court. Thus, the petition was properly filed according to both California and federal law and entitled to statutory tolling.

[4] Petitioner should still receive interval tolling, even when factoring in his error in sending the petition to the incorrect court, as he quickly and timely mailed the petition to the proper court. The undersigned does not find the delay unreasonable in light of the facts of this case as prison officials never mailed the first petition.

tolling between the denial of the prior appellate petition and the filing of the new petition and the pendency of the petition, for a total 312 days.

*In sum, petitioner was entitled to statutory tolling from the time he filed his first state Superior Court petition until the denial by the state supreme court.* After denial of his petition by the state supreme court, the new statute of limitations date was July 31, 2012. Petitioner filed the instant federal petition on April 17, 2012, 62 days after the denial by the California Supreme Court, but still several months prior to the expiration of the statute of limitations. Therefore, the petition is timely.

Accordingly, IT IS HEREBY RECOMMENDED that the motion to dismiss (Doc. 11) be denied and respondent file an answer to the petition within 60 days, if these findings and recommendations are adopted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 15, 2012

                    /s/ Gregory G. Hollows
             UNITED STATES MAGISTRATE JUDGE

GGH: AB
jone1138.mtd