UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY WAYNE JONES, | No. 2:12-cv-1138 LKK GGH P |
| Petitioner, | |
| v. | ORDER |
| TIM VIRGA, et al., | |
| Respondent. | |

    Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has filed a request for permission to expand the record, seeking court permission to include his attached declaration and exhibits for consideration in regard to his submitted habeas petition.

    "Rule 7 of the Rules Governing § 2254 cases allows the district court to expand the record without holding an evidentiary hearing."  Libberton v. Ryan, 583 F.3d 1147, 1165 (9th Cir. 2009) (quoting Cooper–Smith v. Palmateer, 397 F.3d 1236, 1241 (9th Cir.2005)).  However, in order to supplement the record with new evidence, "a petitioner must meet the same standard that is required for an evidentiary hearing" set forth in 28 U.S.C. § 2254(e).  Libberton, 583 F.3d at 1165 (citing Cooper–Smith, 397 F.3d at 1236.)  In order to be awarded an evidentiary hearing, a petitioner must either: (1) satisfy the requirements of 28 U.S.C. § 2254(e), or (2) show that he 'exercised diligence in his efforts to develop the factual basis of his claims in state court

proceedings.' Id. at 1165 (citations omitted); see also Holland v. Jackson, 542 U.S. 649, 652-53, 124 S. Ct. 2736, 159 L.Ed.2d 683 (2004).

However, after the above authority was decided, the Supreme Court has greatly restricted the ability to expand the record or have an evidentiary hearing. Supplementation of the record is very unlikely, however, in that the Supreme Court has recently held that federal habeas review under 28 U.S.C. § 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits" and "that evidence introduced in federal court has no bearing on" such review. Cullen v. Pinholster, ___ U.S. ___, 131 S. Ct. 1388, 1398, 1400 (2011).

Until this court has the opportunity to conduct a thorough review of the potential merits of petitioner's claims, the court cannot determine whether there exists the potential, slim as it is, necessitating supplementation of the record in this case. Following such a review, the court will *sua sponte* issue an order addressing the request to expand the record. Accordingly, the request to expand the record will be denied at this time without prejudice to its *sua sponte* renewal by the court.

Accordingly, IT IS HEREBY ORDERED that: Petitioner's request for permission to expand the record, filed July 24, 2013, (ECF No. 23), is denied without prejudice to the court's sua sponte reconsideration should the court conclude that expansion of the record is necessary upon consideration of the merits of petitioner's claims.

Dated: October 15, 2013

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Jone1138.exp-rec